Dear Director Tuttle,
In your correspondence of January 30, 1979, you requested an opinion of the Attorney General as to whether certain proposed conduct on the part of the State Board of Vocational and Technical Education would constitute a violation of the Oklahoma Code of Ethics for State Officials and Employees (Code). You asked, in effect, the following question:
 Does it constitute a violation of the Oklahoma Code of Ethics for the State Board of Vocational and Technical Education to lease space for its administrative offices from the Superintendent of a local vocational-technical school district?
 The facts as you outlined them in your letter, are as follows:
The State Board of Vocational and Technical Education is in the process of moving its administrative headquarters to a new location in Stillwater. The proposed building to be leased by the Board is privately owned by an individual who is the superintendent of a local vocational-technical school district. The problem, therefore, is whether the Board as a state agency may lease a building privately owned by an employee of a local vocational-technical school district.
Any state officer or employee who is in doubt as to the potential application of the Code to a particular transaction, is specifically authorized to request of the Attorney General an opinion on the proposed action to be taken. 74 O.S. 1407 (1971). No positive criteria can be established for compliance with the Code (74 O.S. 1401[74-1401] et seq. (1971)), as each transaction must be judged on the facts peculiar to it. A.G. Op. 71-117. 74 O.S. 1402 of the Code establishes the policy of the State of Oklahoma that "no officer or employee or member of the executive, judicial or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his duties or with the public interest." The Code specifically prohibits certain kinds of transactions or conduct on the part of a "state employee" or "state agency". A "state agency" is defined by 74 O.S. 1403(a) of the act as meaning "any office, department, commission, board or other entity created by the constitution or statutes of this state; . . ." The State Board of Vocational and Technical Education would, of course, fall directly within the terms of the statute as a "state agency". 74 O.S. 1405 delineates certain types of prohibited conduct by a state agency. 74 O.S. 1405 specifically requires that no state agency shall:
 "(a) Enter into any contract with a state employee of the agency, or with a business in which such person shall have a substantial financial interest, unless the contract is made after public notice and competitive bidding; provided, that this section shall not apply to a contract of employment with the state; . . ." or
 "(c) Purchase any real property from any employee of said state agency or from any person who — within eighteen (18) months prior to such purchase held such position with the state government, unless the property is acquired either by condemnation proceedings or the price to be paid for such property is approved in writing by the head of the agency acquiring such property and the governor."
The general thrust of 74 O.S. 1405 is to preclude a state agency from dealing with one of its own employees, or an individual who within the preceding eighteen months was at any time an employee of the particular state agency entering in to a contract or making the purchase. There is no indication that the local superintendent is now or has at any time within the preceding eighteen months been an employee of the State Department of Vocation and Technical Education. Assuming for the purposes of this opinion that a contract to lease a building would be the purchase of an interest in real property, 74 O.S. 1405 would present no impediment to the execution of the lease agreement as the local superintendent is not and has not been, within the previous eighteen months, an employee of the leasing state department.
74 O.S. 1403(b) of the Code defines a "state employee" as "an elected or appointed officer or employee of the executive, judicial, or legislative branch of government except state legislators; . . ." The use of the term "government" in the definition of a "state employee" is interpreted to be a reference to State government. This conclusion is premised upon the language of 74 O.S. 1402 establishing the policy of the State of Oklahoma as precluding certain types of conflicts of interest and financial self dealing by employees or members of "state government". The individual property owner involved in this case is the superintendent of a local vocational-technical school district. School districts whether for vocational-technical education or common education are local governmental subdivisions of the State of Oklahoma. They are by statute "a body corporate and shall possess the powers of a corporation for public purposes". 70 O.S. 5-105 (1971). The governing body of the school district is the board of education of the district. The board is empowered to appoint and employ a superintendent of schools to be the executive officer of the school district. 70 O.S. 5-106 (1971). The superintendent of a local school district is, for the purposes of the Code, an employee of a local governmental subdivision and not an employee of the executive or legislative branches of "state government". Therefore, any of the potential prohibitions with respect to actions of state employees enumerated in 74 O.S. 1404 (1976), are not applicable to superintendents of local school districts when dealing with agencies other than the school district by which they are employed.
No opinion is herein offered as to whether it would be in violation of the Oklahoma Code of Ethics, any other conflict of interest statute, or any other statute, rule or regulation governing the conduct of employees of the local school district.
Furthermore, no opinion is offered as to whether a local school superintendent may engage in conduct of an essentially self dealing nature with the school district by which he is employed, see 70 O.S. 5-124 (1971). For the purposes of this transaction only, as between the State Board of Vocational and Technical Education and this individual, the transaction is for the purposes of the Code one between a state agency and a private individual.
Therefore, it is the opinion of the Attorney General that it is not inand of itself a violation of the Oklahoma Code of Ethics for StateOfficials and Employees for the State Board of Vocational and TechnicalEducation to enter into a contract for the lease of a building privatelyowned by a local vocational-technical school district superintendent, solong as the superintendent has not within the previous eighteen monthsbeen an employee of the Board or Department of Vocational and TechnicalEducation.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL